Case 2:03-cv-00887-ADS   Document 1   Filed 02/24/03   Page 1 of 9 PageID #: 1

CV 03 0887
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 24 2003 ★
LONG ISLAND OFFICE
SPATT, J.
LINDSAY, M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
THERESA VARLEY and JUDY ALTMAN,
Individually, On Behalf of
All Others Similarly Situated
and as Class Representatives,

       Plaintiffs,

  -against-

THE McGUIRE GROUP, INC. and
FRANCIS J. McGUIRE,

       Defendants.
------------------------------------X

**COMPLAINT**

\_\_\_ Civ. \_\_\_ ( )

PLAINTIFFS DEMAND A
TRIAL BY JURY

  Plaintiffs Theresa Varley ("Varley" or "plaintiff Varley") and Judy Altman ("Altman" or "plaintiff Altman"), on behalf of themselves and all others similarly situated and as class representatives, by their attorneys, Lipman & Plesur, LLP, complain of defendants The McGuire Group, Inc. and Francis J. McGuire (hereinafter collectively referred to as "defendants"), as follows:

### PRELIMINARY STATEMENT

  1. Plaintiffs complain on behalf of themselves, and other similarly situated current and former employees of defendants who were paid on an hourly basis, who may elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), that they are (i) owed back wages from defendants for overtime work for which they did not receive any overtime premium pay, and (ii) entitled to liquidated damages

pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter referred to as the "FLSA").

2. Plaintiffs further complain on behalf of themselves, and a class of other similarly situated current and former employees of defendants who worked on an hourly basis, pursuant to Fed. R. Civ. Proc. 23, that they (i) are owed back wages from defendants for overtime work for which they did not receive any overtime premium pay; and (ii) are owed back wages from defendants for work for which they did not receive any straight pay under the New York State Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, § 142, the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.*, and the New York Labor Law §§ 190 *et seq.* (hereinafter referred to as the "NYLL").

## JURISDICTION AND VENUE

3. Plaintiffs invoke the jurisdiction of this Court pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216, and the supplemental jurisdiction statute, 28 U.S.C. § 1367, in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. The venue of this action is proper because a substantial part of the events or omissions giving rise to the

claims occurred within, and defendants maintain and/or operate facilities within, the Eastern District of New York.

## PARTIES

5. Plaintiffs and their similarly situated co-workers were employed by defendants and paid on an hourly basis for work in one or more of the following job titles: Nurse Supervisor, Registered Nurse, Licensed Practical Nurse and Certified Nursing Assistant.

6. At all times relevant, plaintiffs were covered by the FLSA and the NYLL.

7. Upon information and belief, The McGuire Group, Inc. is a New York corporation that owns, operates and does business as eight healthcare facilities in New York, all of which are a single enterprise.

8. Upon information and belief, Francis J. McGuire is an operator of some of the nursing homes and the chief executive of The McGuire Group, Inc.

9. Upon information and belief, The McGuire Group, Inc. was responsible for the failure to lawfully pay plaintiffs and the class members.

10. Upon information and belief, Francis J. McGuire was responsible for the failure to lawfully pay plaintiffs and the class members.

11. Defendants are joint employers with each nursing home that they operate, as evidenced by, *inter alia*, common labor policies.

12. At all relevant times, defendants affected commerce within the meaning of 29 U.S.C. § 203(b).

## FLSA COLLECTIVE ACTION

13. The named plaintiffs bring this action on behalf of themselves and all others similarly situated, pursuant to 29 U.S.C. § 216(b). Persons similarly situated who may opt into this action under the FLSA are those who are and/or were employed by defendants and paid on an hourly pay basis for work in one or more of the following job titles: Nurse Supervisor, Registered Nurse, Licensed Practical Nurse and Certified Nursing Assistant at any time after March 1, 2000.

## CLASS ALLEGATIONS

14. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

15. Plaintiffs bring this Class action on behalf of all persons employed by defendants on an hourly pay basis who worked in one or more of the following job titles: Nurse Supervisor, Registered Nurse, Licensed Practical Nurse and Certified Nursing Assistant. Relief is sought on behalf of the class members for (a) unpaid overtime premium pay for all hours

worked in excess of 40 per workweek; and/or (b) pay for all hours worked for which no wages were paid. Relief is sought for all wages owed after March 1, 1997 to the present (the "class period").

16.  The employees in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of defendants, upon information and belief, there are believed to be at least 500 members of the Class during the class period. There are questions of law and fact common to the Class that predominate over any questions affecting only individual members. The claims of the representative parties are typical of the claims of the Class. The representative parties will fairly and adequately protect the interests of the Class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of wage and hour litigation where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court.

17.  There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including:

>   (a)  whether defendants failed and/or refused to compensate plaintiffs for all hours worked within the meaning of the NYLL; and

(b) whether defendants failed and/or refused to pay plaintiffs premium pay for hours worked in excess of 40 per workweek within the meaning of the NYLL.

## FACTS

18. Plaintiffs were paid on an hourly basis.

19. Plaintiffs and their similarly situated co-workers were not compensated for all hours worked.

20. Plaintiffs and their similarly situated co-workers regularly worked in excess of 40 hours in the workweek. However, plaintiffs and their co-workers were not paid overtime premium pay for all work hours in excess of 40 hours in the workweek.

21. Plaintiffs were not compensated and/or paid premium pay for work time improperly designated as non-compensable meal periods, as well as all time worked prior to and after scheduled shifts.

22. Defendants maintained a practice of altering or ignoring time cards in an effort to reduce overtime premium pay.

## AS AND FOR A FIRST CAUSE OF ACTION

23. Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 22 of this Complaint.

24. Although plaintiffs and their similarly situated co-workers worked over 40 hours in a workweek, they were not paid overtime premium pay for all the hours worked in excess of 40 hours in a workweek.

25. Plaintiffs and their similarly situated co-workers employed by defendants who may elect to opt into this action are entitled to one and one-half of their regular rates of pay for all hours worked in excess of 40 hours in a workweek under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.*

### AS AND FOR A SECOND CAUSE OF ACTION

26. Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 25 of this Complaint.

27. The failure of defendants to properly compensate plaintiffs and their similarly situated co-workers for overtime work as required by the Fair Labor Standards Act was wilful.

### AS AND FOR A THIRD CAUSE OF ACTION

28. Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 27 of this Complaint.

29. Plaintiffs and their similarly situated co-workers have not been paid overtime premium pay for all compensable work hours worked in excess of 40 hours in a workweek under the New York State Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, § 142, the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.*, and the New York Labor Law §§ 190 *et seq.*

## AS AND FOR A FOURTH CAUSE OF ACTION

30. Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 29 of this Complaint.

31. Plaintiffs and their similarly situated co-workers have not been compensated for all work hours under the New York State Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, § 142, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., and the New York Labor Law §§ 190 et seq.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs and the Class respectfully request that this Court grant the following relief:

A. Certify this case as a class action pursuant to Fed.R.Civ.Proc. 23(b)(3);

B. Declare defendants' conduct complained of herein to be in violation of the plaintiffs and Class' rights as secured by the New York State Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, § 142, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., and the New York Labor Law §§ 190 et seq.;

C. Direct defendants to compensate the plaintiffs for all hours worked;

D. Direct defendants to pay overtime premium pay to plaintiffs;

E. Direct defendants to pay plaintiffs additional amounts as liquidated damages because of defendants' failure to pay overtime pay pursuant to 29 U.S.C. § 216;

F. Award plaintiffs pre-judgment interest;

G. Award plaintiffs the costs of this action together with reasonable attorneys' fees;

H. Grant such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: Jericho, New York
February 20, 2003

Respectfully submitted,

By: _____
Robert D. Lipman (RL 3564)
David A. Robins (DR 5558)
Lipman & Plesur, LLP
The Jericho Atrium
500 N. Broadway
Suite 105
Jericho, NY 11753-2131
516-931-0050

9